UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


BENJAMIN DEAN HILL,                           Case No. 3:18-cv-2726

    Plaintiff

v.                                            MEMORANDUM OPINION AND
                                              ORDER

VILLAGE OF HAMLER, et al.,

    Defendants

*Pro se* Plaintiff Benjamin Dean Hill brings this action pursuant to 42 U.S.C. § 1983 against defendants Village of Hamler, Hamler Fire and Rescue, John Does 1-3 of Hamler Fire and Rescue, Henry County Deputy Sheriff Jacob Wilford, Henry County Sheriff, Napoleon Police Department Officer Steward, Napoleon Chief of Police, City of Napoleon, Henry County Sheriff Department, and the Napoleon Police Department (collectively "Defendants"). (Doc. 1).

For the following reasons, I dismiss this action.

## BACKGROUND

Plaintiff's Complaint is somewhat difficult to follow and comprised largely of conclusory allegations regarding unspecified defendants. In addition to his § 1983 claims, Plaintiff asserts various state law causes of action.

The events at issue here began March 4, 2017. Plaintiff states that defendant Hamler Fire and Rescue removed him from his vehicle to an ambulance and transported him to the hospital against his will where he was questioned, assaulted, and arrested. (*See* Doc. 1 at 6-8). The only defendants specifically identified regarding these events are Steward and Wilford, who Plaintiff claims assaulted and beat him at the hospital. (*Id.* ¶ 30). Plaintiff also claims that an electric stun

device was used on him, but he does not specify the defendant responsible for that conduct. (*Id.* ¶ 31).

Plaintiff states that while he was at the hospital he was arrested and taken to the Correctional Center of Northwest Ohio where he was incarcerated and spent 16 hours in a maximum security. (*Id.* ¶¶ 26, 32, 33). Plaintiff claims that "defendant" swore out a complaint against him for multiple offenses which were dismissed on June 1, 2017, after a hearing in Napoleon Municipal Court in Henry, County, Ohio. Plaintiff further alleges that he was additionally charged with multiple violations of the Ohio Revised Code and state court judge John Collier[1] presided over that criminal proceeding. (*Id.* ¶¶ 34-35).

Although not identified as such, it appears that these factual allegations comprise the basis for an unnumbered Count I, in which Plaintiff claims that "as a result of 'their' concerted unlawful and malicious harassment, interrogation, and physical abuse" "defendants" deprived him of his right to equal protection and impeded the due course of justice in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution. (*Id.* ¶ 36). He seeks compensatory and punitive damages against defendant John Doe paramedics, Wilford, the Henry County Sheriff, the Napoleon Police Chief, and Steward. (*Id.* at 9).

In numbered Count II, Plaintiff alleges there was no warrant for his arrest on March 4, 2017, and "defendants" lacked reasonable grounds to arrest him. Plaintiff further claims "defendants" conspired to unlawfully and maliciously detain him and he was never informed of the grounds for his detention. Plaintiff alleges this conduct deprived him of his right to liberty, due process of law, and equal protection in violation the First, Fifth, and Fourteenth Amendments to the Constitution. (*See id.* ¶¶ 37-45). He seeks judgment against Wilford, the Henry County Sheriff Department, the

---

[1] According to the public website for Henry County, Judge John S. Collier is a judge in the Henry County Court of Common Pleas.

Henry County Sheriff, Steward, Napoleon Police Chief, and the Napoleon Police Department for compensatory and punitive damages.

In Count III, Plaintiff claims that the Wilford, Steward, and Hamler Fire and Rescue, and John Doe paramedics were operating under the direction and control of the Henry County Sheriff, Napoleon Police Department, and the Napoleon Police Chief, and these defendants acted under color of law pursuant to "policy, procedure, and official customs" and "city officials" knowingly and recklessly, or with deliberate indifference, disregarded Plaintiff's rights by failing to supervise, instruct, and discipline the police officers and paramedics regarding his constitutional rights. He further alleges that "defendants" ratified the unconstitutional conduct of the Napoleon police officers, which resulted in the violation of his constitutional rights under the First, Fifth, and Fourteenth Amendments. (*Id.* ¶¶ 47-49). Plaintiff seeks compensatory and punitive damages against the City of Napoleon, Village of Hamler, Henry County Sheriff, and the Napoleon Police Chief. (*Id.* at 12).

In addition to compensatory and punitive damages for alleged constitutional violations, Plaintiff seeks a declaration that Defendants violated his constitutional rights. (*See id.* ¶¶ 51-62).

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

ANALYSIS

"In order to plead a federal cause of action under § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Tate v. Comrie*, No. 5:16CV3090, 2018 WL 1409288, at *4 (N.D. Ohio Mar. 21, 2018) (emphasis removed) (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citations omitted)); *Waters v. City of Morristown, TN*, 242 F.3d 353, 358-59 (6th Cir. 2001) (same) (citation omitted).

### A. Claims barred by *Heck, Younger, Rooker-Feldman*, and *Preiser*

Plaintiff alleges that a state criminal case was brought against him and presided over by Judge John Collier. (Doc. 1 ¶ 35). He provides no further information in the Complaint regarding the status or outcome of the state criminal case. Among Plaintiff's allegations are that he was unlawfully interrogated, arrested without a warrant and without cause, not read his rights, and entrapped. To the extent that the criminal proceeding referred to in the Complaint has been concluded, and success on his claims in the instant action would call into question the validity of those proceedings, Plaintiff's claims are not cognizable under § 1983 unless he has succeeded in having any resulting conviction or sentence invalidated or called into question by a federal habeas corpus proceeding, which he has not alleged. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff's claims challenging the validity of any conviction or sentence cannot be brought pursuant to § 1983 – his sole federal remedy is habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 599 (1973).

To the extent that Plaintiff's Complaint attacks an ongoing criminal case, I must abstain from interfering with those state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). And to the extent that this action amounts to an appeal of those state court proceedings, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because appeals of state court judgments can only be made to the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 412 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

To the extent that Plaintiff's claims are not barred by *Heck*, *Younger*, or *Rooker-Feldman*, his claims are nevertheless subject to dismissal for the reasons that follow.

### B. Hamler Fire and Rescue, Napoleon Police Department, and Henry County Sheriff Department are Dismissed

Defendants Hamler Fire and Rescue, Napoleon Police Department, and the Henry County Sheriff Department are not *sui juris* and, therefore, not legal entities capable of being sued. *See Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006) (the Police Department is not a juridical entity subject to suit under Ohio law) (citation omitted); *Elkins v. Summit Cty., Ohio,* No. 5:05–cv–3004, 2008 WL 622038, at *6 (N.D. Ohio Mar.5, 2008) ("[a]dministrative units of a local government, such as a municipal police department, are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority," which has not been granted in Ohio); *Lathan v. City of Cleveland*, No. 1:12 CV 37, 2012 WL 1708762, at *2 (N.D. Ohio May 15, 2012) (municipal fire departments and divisions of EMS are not proper parties because administrative units of a local government, such as a municipal police departments and fire departments, are not *sui juris* because they lack the power to sue and cannot be sued absent positive statutory authority) (citation omitted); *Hicks v. City of Barberton,* 2011 WL 3022089 (N.D. Ohio July 22, 2011) (citations omitted) (finding that the Barberton Fire Department Emergency Medical Service is not an entity capable of being sued); *Barrett v. Wallace*, 107 F. Supp. 2d 949, 954-55 (S.D. Ohio 2000) ("Under Ohio case law, a county sheriff's office is not a legal entity that is capable of being sued.") (citing *Batchik v. Summit County Sheriff's Dept.,* No. 13783, 1989 WL 26084, at *1 (Ohio Ct. App. Mar. 15, 1989) (unreported)).

Therefore, Plaintiff's claims against the Napoleon Police Department, Hamler Fire and Rescue, and Henry County Sheriff Department are not legally plausible, and I dismiss those defendants from this action pursuant to § 1915(e)(2).

Claims against the administrative units of a governmental entity are construed as claims against the governmental entity itself. Therefore, I construe Plaintiff's claims against the Napoleon

5

Police Department, Hamler Fire and Rescue, and the Henry County Sheriff Department as claims against the City of Napoleon, the Village of Hamler, and Henry County.

## C. Hamler Village, City of Napoleon, and Henry County are Dismissed

Governmental entities may not be sued under 42 U.S.C. § 1983 for an injury inflicted by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. In order to state a plausible § 1983 claim against a governmental entity, "a plaintiff must 'identify the policy, connect the policy to the [governmental entity] itself and show that the particular injury was incurred because of the execution of that policy.'" *Jordan v. City of Detroit*, 557 F. App'x 450, 454 (6th Cir. 2014) (quoting *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)).

In this case, Plaintiff makes the following allegation concerning governmental liability for the actions of administrative units and employees: "pursuant to policy, procedure, and official customs, city officials did knowingly, recklessly, or with deliberate indifference and callous disregard of plaintiff's rights, failed to instruct, supervise, control, and discipline on a continuing basis Defendant Police and Paramedics in their duties to refrain from [the violation of plaintiff's constitutional rights]." (Doc. 1 ¶ 47). Beyond this non-specific conclusory statement, Plaintiff fails to identify any specific custom or policy of the City of Napoleon, Village of Hamler, or Henry County (or the administrative units of the City of Napoleon, Village of Hamler, or Henry County) concerning the alleged constitutional violation, or show how any such custom or policy caused the claimed violation.

Accordingly, Plaintiff fails to state a plausible claim against City of Napoleon, Village of Hamler, or Henry County, and I dismiss those claims pursuant to § 1915(e)(2).

**D. Henry County Sheriff and Napoleon Police Chief are Dismissed**

Plaintiff sues the Sheriff and Chief in their individual and official capacities. "An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 356 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, Plaintiff's official capacity claims against the Sheriff and Chief are equivalent to claims against Henry County and the City of Napoleon, respectively, which I have addressed and dismissed, *supra*.

Plaintiff claims that defendants Henry County Sheriff and Napoleon Police Chief in their individual capacity failed to train and supervise their subordinates, resulting in the violation of Plaintiff's constitutional rights. (*See* Doc. 1 ¶¶ 7, 8, 47). As an initial matter, *respondeat superior* is not a proper basis for liability under § 1983. *Monell*, 436 U.S. at 691. A section § 1983 failure to supervise and train claim cannot be based upon a supervisor's mere right to control employees or awareness of an employee's misconduct. *See Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Beyond Plaintiff's conclusory allegation that the Sheriff and Chief failed to train and supervise their subordinates, there are no factual allegations in the Complaint from which I may infer that the Henry County Sheriff and Napoleon Police Chief implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of their subordinates. *See Hays*, 668 F.2d at 874. The only specific factual allegations concerning these defendants simply state that they are responsible for their respective units and that defendant officers and paramedics were under

7

their direction and control.  (*See* Doc. 1 ¶¶ 7, 9, 11, 47).  But the mere right to control, without any allegation that direction and control was exercised with respect to the alleged unconstitutional conduct, is not enough to support § 1983 liability.  *Monell*, 436 U.S. at 694 n.58 (citation omitted).

Nor are Plaintiff's numerous generic references to defendants, deputies and officers sufficient to support a plausible claim that the Henry County Sheriff or Napoleon Police Chief directed and controlled their subordinates.  "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."  *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Frazier v. Mich*. 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged deprivation of federal rights).

Accordingly, Plaintiff fails to state plausible § 1983 claims against the Henry County Sheriff and Napoleon Police Chief, and I dismiss those claims pursuant to § 1915(e)(2).

**E.   Sheriff Deputy Wilford and Napoleon Police Officer Steward are Dismissed**

Plaintiff sues Wilford and Steward in their individual and official capacities, and I have already addressed and dismissed those official capacity claims.  *Claybrook*, 199 F.3d at 356 ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents.").

With respect to his individual capacity claims, Plaintiff's numerous generic allegations against unspecified defendants, deputies, and officers are insufficient to support a plausible § 1983 claim against Wilford or Steward.  *See Gilmore*, 92 F. App'x at 190; *Frazier*, 41 F. App'x at 764.  Plaintiff's only specific factual allegations against Wilford are that (1) he "maliciously without need or provocation" removed Plaintiff from his vehicle on May 4, 2017 (Doc, 1 ¶ 1); (2) after the paramedics left the hospital "Wilford continued to harass and question the plaintiff" (*Id.* ¶ 8); (3) he "radioed in backup to central dispatch" (*Id.* ¶ 18); (4) while at the hospital, "Wilford and Ptl. Steward

8

acting under color of law assaulted and beat the plaintiff" (*Id.* ¶ 30); and (5) he stated "you just assaulted an officer" after hours of questioning, harassment, and refusing to allow plaintiff access to his cell phone (*Id.* ¶ 43). The only specific allegations against Steward are that (1) Steward was observed running toward the area in the hospital emergency room where Plaintiff was being treated (*Id.* ¶ 20); (2) he told Plaintiff he was being placed under arrest (*Id.* ¶ 21); (3) while being escorted from the hospital emergency room Plaintiff "nonchalantly" stated to an unknown officer "your [sic] lucky" and Steward "came around from behind me and said 'What did you say?'" (*Id.* ¶ 28); and (4) Steward and Wilford assaulted and beat Plaintiff while at the hospital (*Id.* ¶ 30).

These allegations, on their face, do not allege plausible constitutional violations[2] or are not cognizable § 1983 claims for the reasons set forth above, or both. *Iqbal*, 556 U.S. at 67 (in order to state a plausible claim for relief, plaintiff must offer more than conclusory statements and "defendant-unlawfully-harmed me accusations"). Accordingly, I dismiss Plaintiff's claims against Wilford and Steward pursuant to § 1915(e)(2).

### F. Plaintiff's State Law Claim are Dismissed without Prejudice

Plaintiff state law tort claims include intentional infliction of emotional distress, negligence, and assault and battery. A district court may decline to exercise supplemental jurisdiction over state law claims when the claims supporting original jurisdiction are dismissed. *See* 28 U.S.C. § 1367(c)(3).

Plaintiff asserts subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Federal diversity jurisdiction pursuant to § 1332 exists when the amount in controversy exceeds $75,000.00

---

[2] With respect to Plaintiff's allegation that Wilford and Steward beat and assaulted him while at the hospital, he does not assert an excessive force claim against either defendant. Instead, Plaintiff alleges that Wilford and Steward acted under the direction and control of the Henry County Sheriff, Henry County Sheriff Department, Napoleon Police Department, and Napoleon Police Chief who, Plaintiff claims, violated his constitutional rights under the First, Fifth, and Fourteenth Amendments because they directed and/or approved of "police brutality which resulted in the excessive use of force." (Doc. 1 ¶ 49). But I dismissed Plaintiff's claims against the Henry County Sheriff, Henry County Sheriff Department, Napoleon Police Department, and Napoleon Police Chief for the reasons already stated. While I am required to read Plaintiff's *pro se* complaint indulgently, I am not required to construct factual allegations or construct legal claims on Plaintiff's behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (liberal construction of a *pro se* litigant's pleadings does not require the court to conjure allegations on his behalf); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) (courts are not required to construct claims on plaintiff's behalf or "explore exhaustively all potential claims of a *pro se* plaintiff").

and when there is complete diversity between the Plaintiff and the Defendants. That is, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

A plaintiff asserting diversity as a basis for federal subject matter jurisdiction must allege the citizenship of each party, not merely the residence of each party because residence and citizenship are not synonyms for the purpose of determining diversity jurisdiction under § 1332. *See Medline Diamed, LLC v. Libassi*, No. 5:10-CV-02906, 2010 WL 5463831, at *2 (N.D. Ohio Dec. 29, 2010) (for the purpose of diversity jurisdiction, a person is a citizen of the state where he is domiciled and domicile is not synonymous with residence) (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828 (1989); *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48(1988)).

Plaintiff alleges that he is a legal resident of the State of Michigan but does not allege his citizenship or the citizenship of any of the defendants. The burden of establishing federal subject matter jurisdiction rests on the party seeking the federal forum, and it is Plaintiff's obligation to allege the citizenship of each party. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). This Plaintiff has failed to do and, therefore, has failed to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

I have dismissed all of Plaintiff's federal claims brought pursuant to 28 U.S.C. § 1331. Having dismissed all of Plaintiff's federal claims, and there being no other basis for federal subject matter jurisdiction, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims without prejudice. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (when all federal law claims are dismissed before trial, the balance of considerations usually point to dismissing the state law claims) (collecting cases).

## Conclusion

For the reasons stated above, I dismiss Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e). I dismiss Plaintiff's state law claims without prejudice.

Plaintiff's motions to file a reduced number of copies, for transfer to a different correctional facility, and for summary judgment are denied. (Doc. 5, 7, 8).

I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge